JAMES CONSTANTINE, Plaintiff, *v.* CITY OF NEW YORK and RICHARD ENRIGHT, as Commissioner of Police, Defendants.

(Supreme Court, Kings County, August, 1921.)

Injunctions — when injunction will be granted restraining the stationing of a police officer in a restaurant.

Where for a month after the police department of the city of New York, acting in the best of good faith, had stationed a uniformed officer in plaintiff's restaurant, no arrests were made and no connection shown between plaintiff and the acts of one who had been arrested more than once for operating as a common gambler in and about the restaurant, an injunction will be granted against the continuance of the officer's presence in the restaurant.

*Matter of Flood,* 183 N. Y. 325, distinguished.

APPLICATION for an injunction.

William A. Moller, for plaintiff.

Supreme Court, August, 1921.     [Vol. 116.

John P. O'Brien, corporation counsel (Robert H. Culhane, assistant corporation counsel, of counsel), for defendants.

GANNON, J. Plaintiff has conducted for many years a well known hotel and restaurant at the corner of Fulton and Washington streets, Jamaica. There has been no criticism of his conduct of the hotel, but the police department of the city of New York has since the eighth day of July stationed and maintained a uniformed officer in the restaurant, for the reason that a person, apparently a common gambler, has been several times arrested for plying his trade in the vicinity, and a few times in the restaurant itself. The corner is a transfer point for transportation systems, and a busy place day and night, and it is hard to connect the plaintiff with gambling operations in the vicinity. As to the arrests in the premises, it is not shown that the plaintiff encouraged, aided or abetted or had any interest in the gambling. He is apparently a man of good standing in the community. He conducts a good restaurant and he caters to a good type of citizens. The place is a *bona fide* restaurant and is not a gambling place conducted under the guise of a restaurant. Plaintiff contends that his business is being ruined by the aversion that patrons have to dining in a place to which apparently the suspicions of the police have been directed. Although the uniformed officer has been in possession for nearly a month, no arrests have been made and no evidence of crime has been discovered. At the earnest suggestion of the corporation counsel the court has given careful examination to the opinion of Judge Werner in *Delaney* v. *Flood,* 183 N. Y. 323. But the court finds no similarity between that case and the case at bar. In the *Flood* case Judge Werner

pointed out that the pivotal point was that the plaintiff was engaged in the sale of intoxicating liquors, a business which was productive of idleness, pauperism, disorder and crime, and that there was besides strong evidence that the alleged hotel was really a disorderly house. Judge Werner held that it was the right of the police, if not their duty, to warn persons about to enter against becoming participators in the plaintiff's violation of law, and that the answer to the question of whether the police were acting in a legal manner depended entirely upon the character of the so-called hotel, and, continuing, Judge Werner says: "Here lies the fundamental distinction between the case at bar, and that class of cases in which equity assumes jurisdiction to restrain trespasses that are continuous or permanent in their nature." The case at bar involves a respectable hotel and a *bona fide* restaurant, which must by law entertain all who apply and behave themselves. There is no connection shown between the acts of the alleged gambler and the plaintiff herein, and while the police are undoubtedly acting with the best of good faith it is apparent that the stationing of the officer in the restaurant will not prevent or discover a crime, but that it is undoubtedly injuring the business of the plaintiff. The failure of the police to find incriminating facts in the long period of investigation persuades the court that the injunction should be granted.

Application granted.